## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERT NICOLAS, #635504, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-3131 |
| | § | |
| ALABA OBIRI, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER OF DISMISSAL

Albert Nicolas, a/k/a Albert Nicholas and Allen Nicolas, a state inmate proceeding *pro se*, filed this section 1983 lawsuit complaining of violations of his civil rights by his parole officer, Alaba Obiri.  The Court has screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and finds that his claims must be dismissed as barred by limitations and for failure to state a viable section 1983 claim.

### *Claims Barred by Limitations*

Plaintiff reports that he was released to mandatory supervision on May 2, 2008, and was assigned to the Ben Reid Community Correctional Facility, a half-way house located in Houston, Texas (the "Reid Facility").  As a sex offender, plaintiff was subject to restrictive conditions under the Texas Super Intensive Supervision Program ("SISP").  *See Nicolas v. Thaler*, C.A. No. 10-cv-0515 (S.D. Tex., Docket Entry No. 15, Memorandum and Order, p. 2).  Plaintiff also had civil commitment proceedings pending against him under the Texas

Sexually Violent Predator Act (the "SVP" lawsuit) in *In re Commitment of Albert Nicolas*, Cause No. 08-06-06017-CV, in the 435th District Court of Montgomery County, Texas.

Plaintiff complains that Obiri was deliberately indifferent to his safety by assigning him to the two-story Reid Facility because, on May 5, 2008, plaintiff fell down the stairs and injured himself. Plaintiff further asserts that, following the fall, Obiri erroneously transported him to the LBJ Hospital instead of the Veterans Medical Center; that his medical treatment was delayed because Obiri had to approve removal of plaintiff's electronic monitoring device; that he was unable to undergo an MRI because Obiri refused to authorize "an altered state of consciousness drug sufficiently strong enough" to overcome plaintiff's post traumatic stress disorder; and that he was returned to the Reid Facility before he could fill his take-home medication prescriptions at the hospital. When plaintiff complained about being returned to the "unsafe" Reid Facility, security staff told him that he was housed there because of his electronic monitoring device.[1]

Plaintiff also complains that in June and July of 2008, Obiri did not allow him to have a typewriter or visit the Harris County Law Library five times a week, even though he was proceeding *pro se* in his SVP lawsuit.[2]

---

[1]Plaintiff's particular building at the Reid Facility had a non-metal exterior and roof; metal structures can interfere with the electronic monitoring device signal. (Docket Entry No. 1, p. 7.)

[2]The Montgomery County trial court denied plaintiff's request that he be allowed a typewriter at the Reid Facility and daily weekday visits to the library. (Docket Entry No. 3, Commitment Hearing of July 7, 2008, p. 14. )

2

The Supreme Court has held that all section 1983 actions are governed by the statute of limitations for personal injury actions for the state of suit. *See Wilson v. Garcia*, 471 U.S. 261, 273-76 (1985). In Texas, the applicable limitations period is two years. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); TEX. CIV. PRAC. & REM. CODE 16.003(a). A district court may dismiss claims *sua sponte* where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations. *Harris v. Hegman*, 198 F.3d 153, 156 (5th Cir. 1999).

Although the applicable period of limitations is governed by state law, accrual of a claim under section 1983 is determined by federal law. A claim generally accrues when a plaintiff knows or has reason to know of the injury giving rise to the cause of action. *Harris*, 198 F.3d at 157. Affording plaintiff's factual allegations the required presumption of veracity, plaintiff's pleadings clearly show that he knew, or had reason to know, that Obiri had violated his constitutional rights at the time the alleged violations and injuries occurred. That is, plaintiff's claims against Obiri accrued, at the latest, on May 2, 2008, and continued through August 8, 2008.[3] Accordingly, and assuming for purposes of this issue that plaintiff's factual allegations raise viable section 1983 claims, the two-year statute of limitations as to these claims expired on or about August 8, 2010. Plaintiff did not file the instant section 1983 lawsuit until, at the earliest, August 25, 2010. As a result, plaintiff's

---

[3]Plaintiff asserts in his memorandum that Obiri's violations of his civil rights commenced May 2, 2008.

claims against Obiri for constitutional violations occurring prior to August 25, 2008, are barred by limitations.

Plaintiff also complains that Obiri falsified plaintiff's signature on his Reid Facility daily activity schedules.  However, plaintiff acknowledges that he filed a motion in the SVP lawsuit on August 8, 2008, submitting copies of the schedules and complaining that his signatures were falsified.  (Docket Entry No. 1, p. 8.)  Thus, to the extent plaintiff avers that Obiri's use of his photocopied signature on the daily activity schedules violated plaintiff's constitutional rights, his claims are barred by the two-year statute of limitations and are dismissed.

*No Viable Claim Stated*

On August 8, 2008, plaintiff removed his electronic monitoring device and left Texas without authorization.  He was subsequently arrested in Mississippi and brought back to Texas.  The Texas Board of Pardons and Paroles ("Parole Board") charged him with five parole violations, including being in Mississippi without permission, failing to wear his electronic monitoring device, and failing to comply with his daily activity schedule. *Nicholas*, Memorandum and Order, p. 2.

At the parole revocation hearing held September 2, 2008, plaintiff, through appointed counsel, objected to Exhibit D, plaintiff's daily activity schedule, arguing that his signature was not his original signature.  The hearing officer's record reflects that the officer relied on Obiri's testimony that,

4

> OFFENDER'S signature on the SISP Offender Daily Schedule is a copy.  The
> schedule was made from a blank schedule that contained OFFENDER'S
> Signature and was copied.   OFFENDER did not sign this schedule.
> OFFENDER'S signature was on the schedule before it was filled in.

*Id.*, Docket Entry No. 11, Mandatory Supervision Revocation Packet, p. 6.  Obiri stated that

the signature was copied, but that the document was an original.  The hearing officer further

expressly relied on plaintiff's testimony that he did not sign the Exhibit D schedule, and that

his signature was copied from another schedule.  The hearing officer sustained plaintiff's

objection to the signature being copied, but overruled his objection to the entire document

being a copy.  *Id.*, p. 5.

The hearing officer ultimately found that plaintiff had committed four of the five

parole violations, in that plaintiff had not failed to comply with his SISP offender daily

schedule.  *Id.*, p. 7.  The Parole Board agreed with the hearing officer's findings and formally

revoked plaintiff's mandatory supervised release on September 12, 2008.

Plaintiff complains that Obiri violated his constitutional rights by using daily activity

schedule sheets that contain a copy, not an original, of plaintiff's signature.  Plaintiff does

not complain that any substantive information in the schedule was altered or incorrect.

There are two essential elements to a section1983 action: (1) the conduct in question

must be committed by a person acting under color of state law (a "state actor"); and (2) the

conduct must deprive the plaintiff of a right secured by the federal Constitution or the laws

of  the United States.  *See Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252-53 (5th Cir.

2005).  Obiri, a state parole officer, was a state actor for purposes of section 1983.  Plaintiff,

however, does not set forth facts showing that Obiri deprived plaintiff of a right secured by the Constitution or federal law.

Plaintiff contends that Obiri's conduct constituted a federal criminal offense under 18 U.S.C. § 1519, sec. 1, which imposes criminal sanctions for knowingly making a false entry in a report with intent to obstruct an investigation. Section 1519, however, affords plaintiff no constitutional rights, and its violation, standing alone, gives rise to no viable section 1983 claim. Stated differently, if Obiri's use of the photocopied signature is the basis for plaintiff's section 1983 claim, plaintiff must assert facts showing that the use violated his own constitutional rights, not a federal criminal statute. This, he fails to do. This same analysis applies to plaintiff's assertions that Obiri's use of the photocopied signature violated provisions of the Texas Penal Code. By alleging that Obiri's conduct constituted federal and state criminal offenses, plaintiff fails to state a claim for the violation of his own constitutional rights. *See Murray v. Mississippi Department of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990) (holding that alleged violations of a state statute did not give rise to federal constitutional claims).

Nor does plaintiff state a viable section 1983 claim in alleging that Obiri committed "aggravated perjury" at the revocation hearing. Assuming, without holding, that this conduct constituted a constitutional violation, Obiri's conduct did not cause plaintiff harm; to the contrary, neither the hearing officer nor the Parole Board revoked plaintiff's mandatory supervision for failure to comply with his schedule. Plaintiff's release was revoked on

6

grounds related to his fleeing the state and removing his electronic monitoring device, proof of which did not require reliance on plaintiff's photocopied signature. To any extent that plaintiff's release was revoked in reliance on his photocopied signature, plaintiff's claims for damages under section 1983 would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that in order to recover damages for allegedly unconstitutional imprisonment, a section 1983 plaintiff must prove that the conviction or judgment has been reversed or otherwise set aside.)

Plaintiff fails to state a viable section 1983 claim against Obiri regarding his testimony or use of a photocopied signature, and the claims are dismissed.

*Conclusion*

This lawsuit is DISMISSED under section 1915A as barred by limitations and for failure to state a viable claim under section 1983. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas on May 25, 2011.

_____
Gray H. Miller
United States District Judge